UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC BELL TELEPHONE COMPANY, *et al.*,<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>88 CONNECTION CORPORATION,<br><br>　　　　　　Defendant. | Civil No. 13cv1157 L (KSC)<br><br>**ORDER GRANTING PERMANENT INJUNCTION [DOC. 16]** |

    Pending before the court is Plaintiffs' supplemental motion for a permanent injucntion against Defendant 88 Connection Corporation. Defendant has not appeared in this action and has not opposed Plaintiffs' motion.

    The Court finds this motion suitable for determination on the papers submitted and without oral argument under Civil Local Rule 7.1(d)(1). For the following reasons, the Court **GRANTS** Plaintiffs' motion for a permanent injunction, details of which are explained below.

//
//
//
//
//

## I. BACKGROUND

According to the Complaint, Plaintiffs operate telecommunications networks which, *inter alia*, "give other long-distance telecommunications providers access to their networks so that the other long-distance telecommunications providers' customers can initiate calls." (*Compl.* [Doc. 1] ¶ 1.) In return, Plaintiffs are entitled to payment of "switched access charges" pursuant to federal tariffs. (*Id.* ¶ 13.) Plaintiffs allege that Defendant is liable to them for its failure to pay these "switched access charges" on calls that originated on Plaintiffs' networks using Defendant's prepaid calling cards. (*Id.* ¶ 36.)

The Complaint contains only one cause of action, for violation of federal tariffs. (*Compl.* ¶¶ 33-42.) In their prayer for relief, Plaintiffs seek (1) declaratory relief; (2) injunctive relief; (3) an accounting "of interexchange minutes improperly disguised as local traffic that should have been treated as long-distance access traffic, and for which 88 [] should have paid international and/or interstate switched access service charged but evaded payment"; and (4) monetary damages or restitution "in the amount of the international and/or interstate switched access service charges (including interest and late payment fees) that the [Plaintiffs] are entitled to pursuant to their lawful federal tariffs and which 88 [] has failed to pay." (*Id.* 13-14.) On December 6, 2013, Plaintiffs moved for default judgment and a permanent injunction.

On January 3, 2013, the Court granted in part and denied in part Plaintiffs motion for default judgment and a permanent injunction. (*January 3, 2014 Order* [Doc. 15].) The Court granted the motion, to the extent that it sought a default judgment for monetary damages of $4,013,459. (*Id.* 6-7.) The motion was denied and held in abeyance, however, to the extent it sought injunctive relief, because the moving party failed to address the proper standard for a permanent injunction. (*Id.* 7-8.) Plaintiff was granted leave to file supplemental briefing with respect to their claims for injunctive relief, and did so on January 30, 2014. (*Id.*; *Supplemental Brief* [Doc. 16].) Defendant has not responded or appeared in this matter.

## II. LEGAL STANDARD

Under to Rule 55(b), a court may order default judgment following the entry of default by

the Clerk of the Court.  After default has been entered, the factual allegations of the complaint are taken as true, except for those allegations relating to damages.  *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987).  An entry of default does not automatically entitle a plaintiff to a court-ordered judgment.  *See Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986).  Rather, granting or denying relief is within the court's discretion.  *See id*.

When default judgment is granted, the scope of relief is limited by Federal Rule of Civil Procedure 54(c): "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."

### III.   DISCUSSION

Having already determined that default judgment was appropriate, the Court must now turn to whether the plaintiffs have established their entitlement to a preliminary injunction.  A party is entitled to permanent injunctive relief if it can show (1) an irreparable injury; (2) an inadequate remedy at law to compensate the injury; (3) that an injunction is warranted after balancing the hardships between the parties; and (4) the public interest would not be harmed by granting the injunction. *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006).[1]

   A.   <u>Plaintiffs Have Established Irreparable Injury</u>

In the previous order, the Court detailed how Defendants are using Plaintiffs networks without providing compensation, in direct violation of federal law.  Because Plaintiffs have presented undisputed evidence that Defendants violations are ongoing, Plaintiff has and is suffering irreparable harm, because Defendants conduct has caused Plaintiff to provide network services without being properly compensated.  Moreover, given the nature of this dispute, Plaintiff would be forced to repeatedly file suit to recover the future originating switched access charges ("OSACs") owed.  *See, e.g., Continental Airlines, Inc. V. Intra Brokers, Inc.*, 24 F.3d 1099, 1104-05 (9th Cir. 1994).

---

[1] To establish standing, Plaintiffs must also show that there is a very significant possibility of future harm; it is insufficient for them to demonstrate only a past injury.  *Bras v. California Pub. Util. Comm'n*, 59 F.3d 869, 873 (9th Cir.1995), cert. denied, 516 U.S. 1084 (1996).  As detailed in paragraphs A and B below, it is clear that Plaintiffs injury is ongoing.

### B. Plaintiffs Have Inadequate Legal Remedy

Plaintiffs present unopposed evidence that Defendants actions make it impossible for Plaintiffs to determine the local access numbers ("LANs") that Defendants are using, and therefore, the amount of OSACs that they are owed.  The amount of monetary damages that Plaintiff is entitled to is not forward facing, and cannot compensate them for Defendants continued legal violations.  The only realistic method for remedying such future harm is a permanent injunction.  Therefore, this factor weights in favor of a permanent injunction.

### C. Balance of Hardships

Plaintiffs unopposed evidence that Defendants will continue to violate federal law because their actions are essentially undetectable by anyone, except themselves, shows that the balance of hardships favors an injunctive remedy.  Defendants might have suggested that the terms of the injunction impose an unfair burden on them, but the Court is not convinced that the terms of this injunction are so burdensome as to tip the balance of hardships in Defendants' favor.

### D. Public Interest

The public has a strong interest compliance and enforcement of federal law and regulation, which an injunction will promote here.  There is no public interest served by letting Defendants flout federal law and avoid paying OSACs to Plaintiffs.  Therefore, an injunction will promote public interest.

//
//
//
//
//
//
//
//
//

## IV. CONCLUSION

Accordingly, Plaintiffs' motion for a permanent injunction is **GRANTED**. In light of this, the Court **ORDERS** Defendant 88 Connection to:

1. Provide Plaintiffs with a complete list of LANs that is has utilized in its prepaid calling card business since August 30, 2013, within the Plaintiffs' 21 states[2], as well as a notarized statement certifying that the list is complete, true, and accurate. This list shall be provided on or before September 30, 2014.

2. Provide Plaintiffs a list of LANs that it has used within the previous quarter, on December 31, March 31, June 30, and September 30 of each year. Again, these lists will be limited to the Plaintiffs' 21 states and will be accompanied by a notarized statement certifying that they are complete, true, and accurate.

3. Provide Plaintiffs with all billing information reasonably requested, including but not limited to Defendant's contact information (including e-mail addresses and telephone numbers), billing address information, state and/or federal tax exempt forms, billing account information, and similar information in order for Plaintiffs to bill Defendant for OSACs.

4. Provide updates for all billing information within ten days of any such information becoming inaccurate.

5. Pay the bills that Plaintiffs properly render to Defendant for OSACs no later than the due date set forth on each bill.

**IT IS SO ORDERED.**

DATED: August 14, 2014

M. James Lorenz
United States District Court Judge

---

[2] These states are California, Alabama, Florida, Georgia, Kentucky, Louisiana, Mississippi, North Carolina, South Carolina, Tennessee, Arkansas, Kansas, Missouri, Oklahoma, Texas, Illinois, Indiana, Nevada, Ohio, Connecticut, and Wisconsin.